CLIFTON D. MOSS, A CITIZEN AND TAXPAYER OF HALIFAX COUNTY FOR AND ON BEHALF OF HALIFAX COUNTY v. C. S. ALEXANDER, J. R. WRENN, T. W. MYRICK, M. H. MITCHELL, AND H. A. BRANCH, BOARD OF COMMISSIONERS OF HALIFAX COUNTY, NORTH CAROLINA, AND M. G. SATTERWHITE.

(Filed 2 November, 1960.)

Sheriffs § 2—

The Board of Commissioners of Halifax County has the power to authorize the appointment of more than one salaried deputy sheriff for the County. Chapter 287, Public-Local Laws of 1913; Chapter 519, Public-Local Laws of 1921; Chapter 152, Public-Local Laws of 1939.

PARKER, J., took no part in the consideration or decision of this case.

APPEAL by plaintiff from *Mintz, J.,* March 1960 Term, HALIFAX Superior Court.

Civil action by the plaintiff, a taxpayer, to restrain the payment of the salary and expense allowance of M. G. Satterwhite, on the alleged ground the Board of Commissions is not vested with legal authority to employ the defendant Satterwhite as a salaried deputy sheriff or to pay his salary out of public funds. At the hearing the parties stipulated:

"1. That the defendant M. G. Satterwhite, a resident of Hali-

fax County, North Carolina, was appointed as a salaried Deputy Sheriff of Halifax County by the Sheriff of said County, and at the institution of this suit and for several years prior thereto has been serving as a full-time deputy at a salary of $272.00 per month, with an expense account of $75.00 per month fixed by the Board of Commissioners of Halifax County, which is being paid and has been paid from the General Fund of said County, as authorized by said Board. Said Satterwhite, when this action was commenced and for several years prior thereto, has been one of eleven salaried deputies sheriff of Halifax County.

"2. That since the enactment of Chapter 152, Public-Local Laws of 1939, the Board of Commissioners from time to time has undertaken to make, in good faith and in the exercise of its discretion, such adjustments in the number of deputies sheriff appointed by the Sheriff, at salaries fixed by the Board, as are required for effective law enforcement.

"3. That since the enactment of Chapter 152, Public-Local Laws of 1939, the Board of Commissioners has undertaken, in good faith and in the exercise of its discretion, from fiscal year to fiscal year, including the current fiscal year, to fix the salaries paid to salaried deputies appointed by the Sheriff.

"4. That the Board of Commissioners of Halifax County undertook, in good faith and in the exercise of its discretion, to determine that the services of the defendant Satterwhite, as a deputy sheriff, were required for effective law enforcement in said County.

"5. If the Board of Commissioners of Halifax County had legal authority to fix and authorize the payment to Deputy Sheriff Satterwhite of said salary and expense account, the Board has acted in good faith and has done all that is required of the Board by law in fixing and authorizing the payment of said salary and expense account of defendant Satterwhite.

"6. If the Board of Commissioners of Halifax County has authority to fix and authorize the payment of a salary to only one deputy sheriff such deputy is not Deputy Sheriff M. G. Satterwhite."

The parties waived a jury trial. Judge Mintz made findings of fact and upon them entered judgment denying the restraining order and dismissing the action at the cost of the plaintiff, who appealed.

*Jones, Reed & Griffin for plaintiff, appellant.*
*Banzet & Banzet, Branch & Hux, Crew & House, Gay, Midyette & Turner, Rom B. Parker, for defendants, appellees.*

HIGGINS, J. Involved here is the question of law whether the Board of Commissioners of Halifax County has power to authorize the appointment of more than one deputy sheriff to serve on salary to be paid out of public funds. Divergent views as to the legal effect of three Acts of the General Assembly give rise to this dispute.

Chapter 287, Public-Local Laws, Session 1913, provided:

"Section 1. The Sheriff of Halifax County may appoint one or more deputies in each township in the county and may allow such deputies the fees made and collected by them in serving summons, subpoenas, notices," etc.

"Sec. 4. The Sheriff shall receive a salary of fifteen hundred dollars per annum, in lieu of all other compensation whatsoever, and may appoint one deputy at a salary to be fixed by the Board of Commissioners: Provided, that said salary shall not be less than six hundred dollars per annum . . ."

Chapter 519, Public-Local Laws, Session 1921, provided:

"Section 1. . . . the salary of the sheriff of Halifax County shall be three thousand dollars ($3,000) per annum . . .

"Sec. 2. That beginning with the taxes for one thousand nine hundred and twenty-one, and thereafter, all taxes . . . shall . . . be collected by the sheriff of said county . . .

"Sec. 3. . . . The Board of County Commissioners shall authorize the appointment by the sheriff of such number of deputies as may be necessary for the prompt and thorough collection of said taxes, and said board shall fix their salaries."

Chapter 152, Public-Local Laws, Session 1939, provided:

"Section 1. (Created the office of tax collector for Halifax County.)

"Sec. 2. The Board of County Commissioners shall fix the compensation of such Tax Collector and are directed to make such adjustments in the number of deputy sheriffs as are required for effective law enforcement and is also directed to provide field deputy tax collectors in season . . .

"Sec. 3. (Invested the tax collector with all the duties and powers formerly exercised by the Sheriff in the collection of taxes.)

"Sec. 11. The Board of County Commissioners is hereby authorized and directed to adjust the surety bonds of the County Accountant, the Sheriff, *the Deputy Sheriffs* (emphasis added) and the Clerk to the Board of County Commissioners so that the amounts thereof

shall be sufficient but not excessive, after this Act has been put into effect."

The plaintiff contends the three Acts, when construed together, have withdrawn from the Board of Commissioners of Halifax County the authority to appoint and to pay from public funds the salary of more than one deputy sheriff. The defendants, on the other hand, contend (1) when properly interpreted, the three Acts of the General Assembly above referred to give full power to the Board, both to authorize the appointment and to pay the salaries of a sufficient number of deputies to enforce the law; and (2) apart from the three Public-Local Acts, the Board of Commissioners, as the governing body of the county, is charged with the duty of authorizing the appointment of sufficient deputies to enable the sheriff to enforce the law and to pay their salaries from public funds.

The stipulations of the parties settle all other questions except the power of the board to authorize the appointment of more than one salaried deputy.

In addition to the fee deputies, the sheriff was authorized by the Act of 1913 to appoint one deputy to serve on a salary to be fixed by the Board of Commissioners. Thereafter, by the Act of 1921, the sheriff became the tax collector and Section 3, among other things, provided "the board of county commissioners shall authorize the appointment by the sheriff of such number of deputies as may be necessary for the prompt collection of taxes, and said board shall fix their salaries." It may be noted nothing in the Act specifically limits the duties of the deputies of the sheriff to the collection of taxes. Obviously the number of salaried deputies was increased in order to enable the sheriff to carry out the additional duty to collect taxes. The Act of 1939 created the office of tax collector and authorized the appointment of "field deputy tax collectors in season." Obviously it was intended that the deputy tax collectors were part-time employees and, like the tax collector, were without law enforcement duties. The Act required the commissioners "to make such adjustments in the number of deputy sheriffs as are required for effective law enforcement." The provision clearly contemplates the adjustment as to the number should take into account the fact that the tax collecting duties had been removed from the sheriff's office and that thereafter only such number should be retained as effective law enforcement required.

There is nothing to indicate it was the legislative intent that the county should be limited to the one salaried deputy. On the contrary, it is clearly implied that the commissioners should authorize

the sheriff to retain such number of salaried deputies as may be needed for effective law enforcement. This construction is borne out by § 11 of the Act: "The Board of County Commissioners is hereby authorized and directed to adjust the surety bonds of the County Accountant, the Sheriff, and *the Deputy Sheriffs* . . . so that the amounts shall be sufficient but not excessive, after this Act has been put into effect." (emphasis added.) The section clearly contemplates a reduction in the amount of the surety bond of the Sheriff and the Deputies Sheriff in view of the fact their tax collecting duties had been taken away. The Act clearly contemplates more than one salaried deputy.

In view of the stipulations, this holding disposes of the case. It is not necessary for us to pass on the question whether under the common law, the Constitution, or the General Statutes, the Board of Commissioners of Halifax County had authority to authorize the Sheriff to appoint sufficient deputies to enforce the law and preserve order, and to pay salaries from public funds. It is sufficient to hold, as we do, that such authority exists under the Public-Local Laws applicable to Halifax County. Hence, the decision of the superior court is

Affirmed.

PARKER, J., took no part in the consideration or decision of this case.